**CITY OF BISMARCK, Plaintiff
and Appellee,**

v.

**Mario SAAVEDRA, Defendant
and Appellant.**

**Cr. Nos. 1183 to 1187.**

Supreme Court of North Dakota.

Dec. 16, 1986.

Paul Fraase, Asst. City Atty., Bismarck, for plaintiff and appellee.

Rolf P. Sletten, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Mario Saavedra appealed from the judgment of the county court of Burleigh County which found him guilty of five offenses of driving while his license was under suspension. We reverse and remand for a new trial on all five offenses.

Mario was charged with five separate offenses of driving while his license was under suspension, in violation of Bismarck City Ordinance No. 35–8. He was represented by court-appointed counsel in the Bismarck municipal court, where he was found guilty of all five offenses. He appealed the convictions to the county court for trial anew [see Section 40–18–19, N.D. C.C.] and requested that the municipal court appoint counsel. The attorneys who represented Mario in the municipal court requested that they be allowed to withdraw as Mario's counsel, and the court granted their requests. The municipal court did not appoint new counsel for Mario's appeal to the county court. When the county court convened, it made no inquiry regarding appointment of counsel for Mario. Mario appeared pro se, and was again convicted of all five charges of driving while his license was under suspension and was sentenced to 15 days' actual incarceration. After trial, Mario was informed by the county court that he was entitled to the assistance of court-appointed counsel for his appeal to this court.

▬▬▬ Mario was entitled to court-appointed counsel [see Rule 44, N.D.R. Crim.P.] and he did not waive that right. Counsel for the City concedes that Mario is entitled to a new trial at which he should be represented by court-appointed counsel.[1]

---

1. Mario also questions the propriety of his convictions on another ground. He claims that when he was charged in a different matter, with disorderly conduct and open container, he believed he was represented by court-appointed counsel on both charges. Mario claims on this appeal that the open-container violation should not be allowed to be considered during his trial for driving while his license was under suspension because he believed he was represented by counsel on the open-container offense and that his failure to appear for hearing or to post bond

Therefore, we reverse and remand to the county court for a new trial at which Mario Saavedra is to be represented by court-appointed counsel, if he is determined to be indigent, unless Mario waives such right or unless no actual incarceration is imposed if he is convicted. See Rule 44, N.D.R. Crim.P.; *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

after signing a promise to appear was due to his belief counsel would represent him. No counsel represented him in the open-container matter and Mario's license was suspended pursuant to Section 39–06–32(6), N.D.C.C. It appears that there was some confusion between the municipal court, Mario, and the attorney who had been appointed to represent Mario. We are remanding for a new trial on the five offenses of driving while his license was under suspension. At that trial, Mario may be able to bring out any deficiencies in the open-container arrest and the ensuing suspension of his driver's license. We will not determine beforehand those issues in this appeal.